# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LUIS FERNANDO MAZARIEGOS,

          Plaintiff,

    -vs-                                                 Case No.   13-CV-397

JOHN PAQUIN, J. ALDANA,
DR. APPLE, M. HOWARD,
GARY HAMBLIN, CAPTAIN GEEGEAR,
LT. MIKLE, and NANCY PADGETT,

          Defendants.

## SCREENING ORDER

        The plaintiff, a Wisconsin state prisoner, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. He has paid the full filing fee.

        Regardless of the plaintiff's fee status, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

        A claim is legally frivolous when it lacks an arguable basis either in law or in

fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to

2

relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The plaintiff was incarcerated at Racine Correctional Institution at all times relevant. He alleges that defendants Captain Geegear and Lieutenant Mikle forced him into helping them obtain information about a gang within the prison. Gang members found out about the plaintiff's assistance and have been targeting the plaintiff ever since. The gang members have beaten the plaintiff several times resulting in broken bones and stitches.

3

Inmates witnessed the beatings and submitted affdidavits to institution staff. The plaintiff also contacted staff explaining that he needed protection but nothing was done.

The plaintiff claims that the defendants were deliberately indifferent to his safety because they aware of his situation but did nothing. He seeks injunctive relief and monetary damages.

The court finds that the plaintiff may proceed on an Eighth Amendment failure to protect claim. *See Smith v. Sangamon Cnty. Sheriff's Dep't*, No. 11-1979, 2013 WL 1688900, at *3-4 (7th Cir. April 19, 2013).

**IT IS THEREFORE ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of the plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendants.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS ALSO ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

4

Honorable Rudolph T. Randa
c/o Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is notified that from now on, he is required under Federal Rule of Civil Procedure 5(a) to send a copy of every paper or document with the court to the opposing party or, if the opposing party is represented by counsel, to counsel for that party. Fed. R. Civ. P. 5(b). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to the opposing party or that party's attorney, if the party is represented by an attorney.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

5

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 23rd day of May, 2013.

**SO ORDERED,**

_____
**HON. RUDOLPH T. RANDA**
**U. S. District Judge**