# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LUIS FERNANDO MAZARIEGOS,

        Plaintiff,

        -vs-                                  Case No.   13-CV-397

JOHN PAQUIN, J. ALDANA,
DR. APPLE, M. HOWARD,
GARY HAMBLIN, CAPTAIN GEEGEAR,
LT. MIKLE, and NANCY PADGETT,

        Defendants.

# DECISION AND ORDER

        The plaintiff, Luis Fernando Mazariegos, a Wisconsin state prisoner, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He is proceeding on an Eighth Amendment claim based on complaint allegations that the defendants failed to protect him from gang members after he was forced to help prison officials obtain information about a gang within the prison. The defendants have filed a motion for summary judgment for failure to exhaust administrative remedies. For the reasons stated herein, the defendants' motion will be denied.

## PRELIMINARY MATTER

        The defendants have filed a motion to seal documents. In conjunction with their motion for summary judgment, they move to file under seal Exhibits 1002, 1004, 1006,

1007, and 1008; Defendants' Proposed Findings of Fact; and Affidavit of Nancy Padgett. The defendants assert that they seek to seal the documents out of an abundance of caution because the documents set forth the plaintiff's allegations that other inmates have threatened him for various reasons. The defendants also assert that if the plaintiff has no objection to the above-mentioned documents being filed without a seal, they will withdraw the motion. On November 6, 2013, the plaintiff filed a response in which he requests that the documents not be sealed. Accordingly, the Court will deny the defendants' motion to seal.

## SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Ames v. Home Depot U.S.A., Inc.*, 629 F.3d 665, 668 (7th Cir. 2011). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions,

2

interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

## FACTS[1]

The plaintiff was confined at Racine Correctional Institution ("RCI") from October 25, 2005, until October 24, 2012. He is currently confined at Kettle Moraine Correctional Institution.

Defendant Nancy Padgett is employed by the Wisconsin Department of Corrections ("DOC") as an Operation Program Assistant at RCI. In that capacity, she is the custodian of inmate complaints filed by RCI inmates. Defendant Padgett also has access to records generated and/or maintained at the institution which pertain to RCI inmates.

The DOC maintains an Inmate Complaint Review System ("ICRS") in Wisconsin adult correctional facilities. The purpose of the ICRS is to afford inmates a process by which grievances may be expeditiously raised, investigated, and decided. *See* Wis. Admin. Code Ch. 310. Defendant Padgett has diligently searched and examined the regularly conducted business records of her office, specifically with respect to inmate

---

[1] Relevant facts are taken from the Defendants' Proposed Findings of Fact and the Plaintiff's Response to the Defendants' Proposed Findings of Fact.

3

complaints and appeals filed by the plaintiff at RCI. (Padgett Aff. ¶ 7.)[2] During the course of her search, defendant Padgett found that the plaintiff submitted four offender complaints with the Institution Complaint Examiner ("ICE") relating to the issues that are the subject matter of this lawsuit. Three offender complaints were returned to him with instructions for correcting problems with the complaints. The fourth offender complaint, RCI-2011-4765, was accepted by the ICE office and processed. (Padgett Aff. ¶ 9, Exs. 1001-1002.)[3]

The plaintiff submitted an offender complaint on April 13, 2010, complaining that he was being harassed by other inmates who were in the Latin Kings gang. On April 13, 2010, the offender complaint was returned to him, and the return letter indicated as follows:

> Your complaint materials received on 04/13/2010 are being returned because:
>
> -Complaints must be typed or written legibly on forms supplied for that purpose [DOC 310.09(1)(a)].
>
> -Other, see comments below.
>
> The issue cited in this complaint is moot as the persons cited are currently not in the system.
>
> Note each page of a complaint needs to be completed on the

---

[2] The plaintiff disputes that defendant Padgett diligently search the record regarding inmate complaints. He avers that some of the complaints he filed were ignored by prison authorities. (Pl. Decl. ¶¶ 10, 29, 31, 35, 47.) However, whether some of the plaintiff's offender complaints or appeals were ignored when submitted does not affect whether defendant Padgett subsequently searched the business records. Thus, this fact is undisputed.

[3] The plaintiff disputes this proposed fact and asserts that those grievances were not the only ones he filed. However, the other offender complaints cited by the plaintiff, RCI-2011-5065 (Pl. Decl. ¶ 31, Ex. Z) and RCI-2011-22960 (Pl. Decl. ¶ 47, Exs. 11, 15), are not relevant to his claims in this case.

4

>   proper DOC-400 form.
>
>   According to the Warden's records no correspondence was received from you regarding this issue. The ICE would direct you to follow up with the Security Director Mr. Aldana or Captain Wiegand with any of these concerns.

(Padgett Aff. ¶ 12, Ex. 1006 at 3.)

The plaintiff disagrees with the reasons provided for returning his offender complaint. According to the plaintiff, he did legibly write the complaint on the proper form. The plaintiff also asserts that he contacted and tried to resolve the issue with the Warden, Security Director Adana and Captain Wiegland prior to filling the grievances, as indicated on the complaint. (Pl. Decl. ¶¶ 2-11, Ex. F.)

The parties dispute whether the plaintiff resubmitted the offender complaint. According to the defendants, he did not resubmit the offender complaint. (Padgett Aff. ¶ 13, Exs. 1001, 1006.) The plaintiff avers that he did resubmit the offender complaint. (Pl. Decl. ¶ 10.)

The plaintiff submitted Offender Complaint RCI-2011-4765 on March 4, 2011, complaining that he was harassed and humiliated by another inmate on the Walworth Unit.[4] The ICE recommended that the offender complaint be dismissed. The reviewing authority accepted the ICE's recommendation and dismissed Offender Complaint RCI-2011-4765 on April 4, 2011. (Padgett Aff. ¶ 17, Ex. 1002 at 1-7.)

---

[4] The plaintiff initially submitted this offender complaint on February 27, 2011. It was not filed until April 4, 2013.

The parties dispute whether the plaintiff filed an appeal to the Corrections Complaint Examiner ("CCE") following the dismissal of RCI-2011-4765. According to the defendants, the plaintiff did not appeal the reviewing authority's dismissal of Offender Complaint RCI-2011-4765 to the CCE. (Padgett Aff. ¶ 18; Ex. 1002.) The plaintiff avers that he did file an appeal to the CCE. (Pl. Decl. ¶ 29.)

The plaintiff submitted an offender complaint on October 27, 2011, complaining that he was being harassed by the gang members of the Surenos gang. (Padgett Aff. ¶ 19; Ex. 1008 at 1-2.) The offender complaint was returned to the plaintiff the same day, with a return letter stating as follows:

> Your complaint materials received on 10/27/2011 are being returned because:
>
> -Before this complaint is accepted you need to attempt to resolve the issue by contacting Security Director Aldana [DOC 310.09(4)].
>
> -Other, see comments below.
>
> -The ICE is also directing you to provide this office with written documentation of your attempts to resolve the issue as directed. Written documentation means responses to interview requests and other written responses from the staff contacted.
>
> -If you have attempted to resolve the issue through the person(s) indicated above and have not been able to do so after a reasonable amount of time, you may resubmit your complaint for processing by this office within 14 days of the date of incident.
>
> Unit Manager Howard advised me that he is aware of your claims. However, this is not a unit issue. This is an issue to

address directly with the Security Director.

(Padgett Aff. ¶ 20, Ex. 1008 at 3.) The plaintiff asserts that he did contact Security Director Aldana in an attempt to resolve the issue prior to filing the complaint and that the grievance indicated as such. (Pl. Decl. ¶¶ 32-34, Ex. 2.)

The parties dispute whether the plaintiff resubmitted the grievance. The defendants aver that he did not resubmit the offender complaint. (Padgett Aff. ¶ 21, Exs. 1001, 1008.) The plaintiff avers that he did, but that the ICE "completely ignored" it. (Pl. Decl. ¶ 35.)

On March 22, 2012, the plaintiff submitted a Request for Corrections Complaint Examiner Review to the CCE indicating the following:

> There is a serious problem with your complaint system at this facility. I have requested assistance from the Warden – then I contacted Dan Westfield – both a waste of my time and further I placed my safety in danger.
>
> I then contacted Congresswoman G. Moore and Senator L. Taylor through my family. They in turn contacted the Secretary G. Hamblin. The problem still remains, so I filed an inmate complaint to start the process for A-AZ.U.S.C.
>
> This facility sends my complaints back for one excuse or another, nothing which has to do with 310 policy.
>
> Now I am coming to you to resolve the issue. I do believe I can show the courts from all my copies I have tried to exhaust all my Administration Remedies.
>
> Simple – I was forced into helping R.C.I. staff through Cap. Geegear and Lt. Mikle to solve the Surenos gang problems. I did this; this gang found out. Since then I have been beaten a

7

>           number of times. Broken bones, etc.
>
>           Staff do nothing.

(Padgett Aff. ¶ 25, Ex. 1004 at 1-2.) The CCE received the Request for Corrections Complaint Examiner Review on March 26, 2012.

On March 29, 2012, the Request for Corrections Complaint Examiner Review was returned to the plaintiff, and the return letter indicated as follows:

> The Corrections Complaint Examiner cannot address your complaint submitted on DOC-405 Offender Complaint Review form. The issues you have raised are not governed by s. DOC 310.16(4) of the Wis. Adm. Code and therefore cannot be addressed by the CCE.
>
> Offender complaint issues are raised at the institution level first and then if you are dissatisfied with the appropriate reviewing authority decision, you may within 10 calendar days after the ARA decision submit an appeal to the CCE for an appeal review.
>
> Offender complaint submissions and offender complaint appeal submissions are held to the filing requirements within DOC Chapter 310 of the Wis. Adm. Code. Offender complaints and offender complaint appeals are processed in accordance with DOC Chapter 310.

(Padgett Aff. ¶ 26, Ex. 1004 at 3.)

The plaintiff asserts that the Request should not have been returned to him. According to the plaintiff, the complaint directly to the CCE was appropriate because RCI was ignoring and unjustifiably returning grievances he filed. (Pl. Decl. ¶¶ 44, 46.)

8

**ANALYSIS**

The defendants contend that this action should be dismissed because the plaintiff failed to exhaust his available administrative remedies. They argue that the plaintiff did not properly exhaust his administrative remedies on the claims alleged in this lawsuit.

The plaintiff contends that the defendants rendered administrative remedies unavailable when they gave him the runaround, frustrated his ability to file grievances, and failed to respond to grievances and appeals he filed. According to the plaintiff, there is a factual dispute as to whether he filed grievances, whether the defendants intentionally gave him the runaround deeming remedies unavailable, and whether he requested review of rejected grievances or appealed dismissed grievances.

The Prison Litigation Reform Act provides in pertinent part that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is a condition precedent to suit. *Dixon v. Page*, 291 F.3d 485, 488 (7th Cir. 2002) (citing *Perez v. Wis. Dep't of Corrs.*, 182 F.3d 532, 535 (7th Cir. 1999)). Section 1997e applies to "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The PLRA exhaustion requirement requires "proper exhaustion," meaning that a prisoner must complete the administrative

9

review process in accordance with the applicable procedural rules, including deadlines. *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006); *see also Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). Exhaustion is an affirmative defense, and the burden of proof is on the defendants. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (citing *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004)).

Inmates are not required to exhaust all administrative remedies – only those that are available. *Woodford,* 548 U.S. at 102; *Kaba v. Stepp,* 458 F.3d 678, 684 (2006). The "availability" of a remedy is not a matter of what appears on paper, but, rather, whether the paper process was in reality open for the prisoner to pursue. *Id.* There are several ways that an administrative process might not be available to a prisoner. *Id.* For example, if grievances must be filed on a particular form, but the forms are not provided, then there is no "available" remedy, despite its hypothetical possibility. *Dale,* 376 F.3d at 656. Similarly, threatening a prisoner with violence for attempting to use an administrative process makes that process unavailable. *Hemphill v. New York,* 380 F.3d 680, 688 (2d Cir. 2004). Or if a prisoner is told to wait to file a grievance, and that wait makes the claim untimely, then that too will have made the process unavailable. *Brown v. Croak,* 312 F.3d 109, 112 (3d Cir. 2002). Finally, not responding to a prisoner's grievance, *Lewis v. Washington,* 300 F.3d 829, 833 (7th Cir. 2002), or engaging in affirmative misconduct, *Dole,* 438 F.3d at 809, will also make the process unavailable. The Court focuses on whether the plaintiff did all he could to avail himself of the administrative process; if he followed the prescribed steps and could

do nothing more, then available remedies were exhausted. *Id.* at 811.

There is a factual dispute concerning whether the plaintiff resubmitted the grievances he initially submitted April 13, 2010, and October 27, 2011, and whether he appealed the dismissal of RCI-2011-4765 to the CCE. The defendants contend that the plaintiff has not shown that he actually submitted the grievances and appeals. However, the plaintiff filed an affidavit in which he avers that he did. Thus, he has raised a factual issue. *See* Fed. R. Civ. P. 56(c)(1); *see also*, *Lax v. City of South Bend*, 449 F.3d 773, 774 (7th Cir. 2006). In addition, the record reveals that the plaintiff's grievances submitted on April 13, 2010, and October 27, 2011, were returned to him unfiled for not first raising the issue with the Security Director. However, the grievances state that he had already contacted Security Director Aldana about the issue. *See Pavey v. Conley*, 544 F.3d 739, 942 (7th Cir. 2008) (prisoner must be given another chance to exhaust administrative remedies if failure to exhaust was innocent provided that there exist remedies that he will be permitted by the prison authorities to exhaust, so that he is not just being given a runaround).

The Court cannot conclude that the plaintiff failed to exhaust his administrative remedies. Thus, the defendants' motion for summary judgment will be denied.

## **EVIDENTIARY HEARING**

The Court will hold an evidentiary hearing to resolve the factual issues regarding whether the plaintiff exhausted his administrative remedies. *See Pavey*, 544 F.3d at 742.

To assist the Court in scheduling this matter, not later than **March 31, 2014**, the parties shall submit a status report to the Court. This report shall include: (1) the nature of discovery the parties wish to undertake to prepare for the evidentiary hearing; (2) the estimated length of time to complete such discovery; and (3) an estimate as to the amount of in-court time necessary for the evidentiary hearing. Based upon these reports, the Court will establish a date for the completion of discovery and a date for the evidentiary hearing.

**IT IS THEREFORE ORDERED** that the defendants' motion to seal documents (Docket 16) is **denied**.

**IT IS FURTHER ORDERED** that the defendants' motion for summary judgment (Docket 17) is **denied**.

**IT IS FURTHER ORDERED** that the parties submit a status report to the Court on or before **March 31, 2014**, as described herein.

Dated at Milwaukee, Wisconsin, this 10th day of March, 2014.

**SO ORDERED,**

*/s/ Rudolph T. Randa*
**HON. RUDOLPH T. RANDA**
**U. S. District Judge**