# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**LUIS FERNANDO MAZARIEGOS,**

    Plaintiff,

    -vs-                                Case No. 13-CV-397

**JOHN PAQUIN, J. ALDANA,
DR. APPLE, MICHAEL HOWARD,
GARY HAMBLIN, CAPTAIN GEEGEAR,
LT. MIKLE, NANCY PADGETT,
and JEVON D. JACKSON,**

    Defendants.

## DECISION AND ORDER

On April 8, 2015, the plaintiff was deported to Guatemala. On April 14, 2015, the Court directed the parties to address the issue of whether the plaintiff should be permitted to testify at trial via contemporaneous transmission from Guatemala. The parties have briefed the issue. Based on the discussion set forth below, the Court will permit the plaintiff to continue prosecuting this case and testify as needed by contemporaneous video transmission from Guatemala.

The plaintiff contends that his immigration status and limited financial resources justify permitting him to testify remotely. He also contends that the defendants will not be unduly prejudiced if the plaintiff testifies remotely, and that permitting him to testify remotely would

advance both judicial and legislative goals. In response, the defendants contend that the plaintiff has not exhausted his options to appear in person, has not identified appropriate safeguards (including the plaintiff being the only person in the room when he is testifying), and has not shown that his suggested course of action can and would be appropriately implemented.

"For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." Fed. R. Civ. P. 43(a). Despite this limited exception to live testimony, "[t]he importance of presenting live testimony in court cannot be forgotten." Fed. R. Civ. P. 43 advisory committee's note (1996 amendment). "Transmission cannot be justified merely by showing that it is inconvenient for the witness to attend the trial." *Id.*

Here, the plaintiff submitted his Warning to Alien Ordered Removed or Deported document which states that he is prohibited from entering, attempting to enter, or being in the United States for a period of ten years from the date of his deportation. (Mazariegos Supp. Decl. ¶ 2, Exh. A.) The plaintiff's deportation document also states that, "[a]fter your removal has been effected you must request and obtain permission from the

Attorney General to reapply for admission to the United States during the period indicated." (*Id.*) The defendants point to that latter provision in support of their assertion that the plaintiff has not exhausted his options to appear in person. They contend that the Court should require the plaintiff to request permission for entry before permitting any videoconference testimony. However, in *Angamarca v. Da Ciro, Inc.*, 303 F.R.D. 445, 447 (S.D. N.Y. 2012), the court determined that that "legal infeasibility of attending a deposition or trial in person because of one's immigration status rises to the level of compelling circumstances since Angamarca cannot be compelled to attend without either securing requisite authorization or violating immigration laws."

Moreover, here, assuming that the Attorney General would approve the plaintiff's reentry, his financial situation prohibits traveling to the United States. According to the plaintiff, although he is seeking employment in Guatemala, he is currently unemployed. (Mazariegos Decl. ¶ 7.) He saved $1,400 while incarcerated in Wisconsin but this amount of money "is barely enough to live off of while I find my bearings in Guatemala." (Mazariegos Decl. ¶¶ 7-8.) These circumstances, together with the plaintiff's recent deportation, qualify as compelling circumstances under Rule 43(a). *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 480 (D.

Maryland 2010) (laborers who had brought FLSA action against employer demonstrated good cause to use videoconferencing in lieu of live testimony at trial in Maryland for those laborers who resided in Honduras, where Honduran workers made less than $7,000 a year, forcing them to travel to the United States would impose substantial hardship, and defendant would not be prejudiced since each witness would testify in open court, under oath, and face cross-examination).

Based on the foregoing, the Court will permit the plaintiff to testify, for a deposition or trial, from Guatemala. This order will provide deadlines for the completion of discovery and for filing dispositive motions. If this case survives summary judgment, the plaintiff will need to provide the Court and the defendants with additional details regarding his trial testimony. *See* Fed. R. Civ. P. 43(a). The advisory committee's notes provide:

> Safeguards must be adopted that ensure accurate identification of the witness and that protect against influence by persons present with the witness. Accurate transmission likewise must be assured.
>
> Other safeguards should be employed to ensure that advance notice is given to all parties of foreseeable circumstances that may lead the proponent to offer testimony by transmission. Advance notice is important to protect the opportunity to argue for attendance of the witness at trial. Advance notice also ensures an opportunity to depose the

- 4 -

witness, perhaps by video record, as a means of supplementing transmitted testimony.

Fed. R. Civ. P. 43(a) advisory committee's notes (1996 amendments).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** the Court will permit the plaintiff to continue prosecuting this case and testify as needed by contemporaneous video transmission from Guatemala, as set forth herein.

**IT IS FURTHER ORDERED** that the deadline for the completion of discovery is **September 28, 2015**, and the deadline for filing dispositive motions is **October 30, 2015**.

Dated at Milwaukee, Wisconsin, this 23 day of June, 2015.

BY THE COURT:

_/s/ Rudolph T. Randa_
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**